*604 OPINION.
Van Fossan:
The petitioner contends (1) that the respondent delayed an unreasonable length of time before determining a deficiency after the filing of a waiver, and (2) that the waiver dated September 25,1925, applied only to the allowance of a personal service classification to The American Lawyers Company and not to an increased amount of income of that corporation as determined by the respondent.
The waiver here involved was not limited as to time. We have frequently held that an unlimited waiver permits the Commissioner a reasonable time in which to act. Cunningham Sheep & Land Co., 7 B. T. A. 652; Greylock Mills, 9 B. T. A. 1281; affd., 31 Fed. (2d) 655, certiorari denied, 280 U. S. 566; William S. Doig, Inc., 13 B. T. A. 256; Herman Frost, 23 B. T. A. 411.
What is a reasonable time is not to be determined abstractly or solely by reference to the calendar. It depends on all the circumam-bient facts of the situation. The first question is, therefore, whether, under all the circumstances, the respondent acted within a reasonable time. In the instant case, judged solely by the calendar, a very considerable time elapsed between the signing of the waiver and the issuance of the notice of deficiency. But, viewed in the light of all the facts, each being related directly or indirectly to the other, we do not believe it can properly be said that respondent failed to act within a reasonable time.
*605 In the case at bar the question which the respondent had under consideration during the entire period was the right of The American Lawyers Company to personal service classification. If the corporation were so entitled the tax was to be paid by the stockholders; if not, the corporation itself was liable therefor. By reference to the case of such company, referred to in the stipulation, it is to be noted that petitioner was one of four stockholders and secretary of The American Lawyers Company. The petitioner filed his return and paid his tax on the theory that the corporation had a right to personal service classification. The respondent determined otherwise and refunded the petitioner’s tax. The corporation, however, challenged the correctness of the respondent’s action and appealed to the Board as to its 1921 tax. Obviously, the facts in that case must have been substantially the same as those in the 1920 case, since the respondent conceded personal service classification in the latter case on the basis of the Board’s decision in the former. It is apparent that the 1920 case was being held in abeyance until the decision in the 1921 case was handed down by the Board.
The waiver in question was requested, executed and received only because of the controversy relating to the taxable status of the corporation. It specifically refers to the matter as did the forwarding letter. The action of both the petitioner and the corporation in filing claims for refund shows that they were continuously aware of the uncertainty of the outcome and sought to protect themselves by filing such claims. In order to avoid a multiplicity of proceedings the respondent refrained from taking action as to the 1920 tax until the identical issue should be decided by the Board. Under such circumstances we are of the opinion that the respondent acted within a reasonable time. The decision on this point would be the same were we to apply the rule laid down by the Circuit Court of Appeals for the Second Circuit in Greylock Mills v. Commissioner, 31 Fed. (2d) 655, that an unlimited waiver is effective for action until notice of impending termination. We have no evidence that petitioner gave such a notice.
The second contention of the petitioner is that the waiver signed by him contemplated only the taxability of The American Lawyers Company as a personal service corporation and did not apply to the additional tax resulting from increasing distributable income of that company, as proposed by the respondent in his deficiency letter. The respondent asserts that by the terms of the waiver itself only the personal service status of the corporation was involved ánd that the sole purpose of executing the waiver was to enable him to secure from the petitioner stockholder the tax due from him in case the *606 respondent’s, determination that the corporation was not entitled to personal service classification should be found to be erroneous.
The waiver which is presumed to embody the agreement between the petitioner and the respondent contained only one qualification:
* * * provided, that such assessment shall be attributable to the allowance of a personal service classification to any corporation from which the undersigned received dividends or other income.
There can be no question that the only assessment which the respondent could make pursuant to that restriction was that of a tax upon such of the petitioner’s income as might emanate from a corporation which received personal service classification. The waiver contains no reference or limitation, however, as to the amount of such income or the tax therefrom arising. If it had been the intent of the parties to limit it to the then found amount of income or tax, such a provision could readily have been incorporated in the waiver. We are unimpressed by the argument that the respondent was limited to the amount of the tax in issue at the time the waiver was given. The waiver clearly contemplated the assessment of all tax that might be found to be due from the granting of personal service classification to the company. The stipulated facts do not suggest that any part of the deficiency is due to causes other than the granting of such classification. The respondent was within the terms of the waiver and justified in his action. See Austin Co. v. Commissioner, 35 Fed. (2d) 910.
In A. L. Wilson Co., 24 B. T. A. 1056, we had before us a somewhat similar situation. In that case we held that the assessment and collection of increased income and excess-profits taxes were not barred by reason of the execution of a waiver which specified no definite amount to be assessed, although at the time of its execution representatives of the taxpayer and the Commissioner had understood and agreed upon a stated additional tax, much less than that named in the deficiency notice. See also Welz & Zerweck, Inc., 11 B. T. A. 1416.

Deoision will he entered for the respondent.